FILED
·SUPERIOR COURT
OF GUAM

2014 AUG 12 AM 9: 09

CLERK OF COURT
BY:_____

## IN THE SUPERIOR COURT OF GUAM

FRANCISCO JUNIOR TENORIO CAMACHO, et al.,

          Plaintiffs,

vs.

VINCENT REYES, et al.,

          Defendants.

Civil Case no. CV0625-11

**DECISION AND ORDER**

This matter is before the Honorable Judge Michael J. Bordallo. Pursuant to Rule 7.1 of the Local Rules of the Superior Court of Guam, Defendant Vincent Reyes' Motion to Compel Discovery was taken under advisement by the Court on July 14, 2014. Plaintiffs are represented by attorney Kristan K. Finney. Defendant Vincent Reyes (hereafter defendant) is represented by attorney George Neil P. Valdes. Defendant Smithbridge Guam, Inc. is represented by attorney Thomas M. Tarpley. After having carefully considered, received, and reviewed the arguments papers, and the file herein the Court hereby issues this decision and order denying Defendant Reyes' requests.

### BACKGROUND

This case arises out of Plaintiffs' April 6, 2011 complaint for damages. In it Plaintiffs complain of acts of negligence which caused the death of Victoria Camacho on July 27, 2010 after she was struck by a dump truck.

On June 9, 2014 Defendant Reyes filed a motion to compel discovery. In it he asserts



that Plaintiffs have identified two experts: Michael Aguon and Franklin A. Perez. He further asserts that at the June 3, 2013, meeting with Plaintiffs' attorney Phillip Torres he was informed that Plaintiff would not provide him with the expert report mandated and defined by rules 26(a)(2)(A), (B), and (C) of the Guam Rules of Civil Procedure. Accordingly he requests that this Court enter an order mandating compliance, allowing for the extension of discovery deadlines including the trial date, and an order for awarding the applicable attorney fees and costs necessary to bringing this motion. Defendant's motion is supported by a verified affidavit.

The other Parties to this action have filed no papers in opposition.

## DISCUSSION

Rules 37 and 37.1 of the Guam Rules of Civil Procedure and the Local Rules of the Superior Court of Guam govern the filing and disposition of discovery disputes. Guam R. Civ. P. R. 37, Super. Ct. Guam R. 37.1. The court's local rules proscribe orders compelling discovery unless the moving party has attempted in good faith to meet and eliminate the necessity for a hearing. *Id*. at 37.1(a). The rule places a duty upon the movant to arrange the meeting and that it be within a reasonable time. *Id*. In this case Defendant Reyes has asserted sufficient facts to support a finding that the requirements of rule 37.1 were met.

As set forth in Defendant's paper rule 26 of the Guam Rules of Civil Procedure regulates what materials and reports are to be provided once a Party has identified their intention to introduce expert witness testimony at trial. Guam R. Civ. P. R. 26(a)(2)(A), (B), and (C). It in part provides,

> a party shall disclose to other parties the identity of any person who may be used at trial to present evidence . . . . this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony . . . be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis

and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

These disclosures shall be made . . . . at least 90 days before the trial date or the date the case is to be ready for trial or, if the evidence is intended solely to contradict or rebut evidence . . . within 30 days after the disclosure made by the other party.

*Id.* On its face this rule requires the preparation and provision of a report for expert witnesses who may testify at trial. *Id.* Absent from Defendant's papers is any assertion or evidence which might support a finding that the identified experts may testify at trial. Without these necessary identifying facts the Court is unable to support an order granting the relief requested.

However, while this important requirement precludes the Court from ordering the relief requested, for purposes of precluding the necessity and delay involved in Defendant's curing the defect and bringing again his motion, the Court hereby makes clear its intention of enforcing the provisions of this rule. The Parties are therefore hereby advised that if they intend to call expert witnesses they shall also be required to provide one another with the necessary reports described by rule 26.

## CONCLUSION

For the above reasons Defendant's motion is DENIED.

SO ORDERED, this _____12th_____ day of ____August____, 2014.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam